UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY GRAY et al., <br><br> Plaintiffs, <br> v. <br><br> WASHINGTON STATE DEPARTMENT OF TRANSPORTATION et al., <br><br> Defendants. | CASE NO. 3:23-cv-05418-DGE <br><br> ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 16) |

**I       INTRODUCTION**

This matter comes before the Court on Defendants' motion to dismiss. (Dkt. No. 16.) For the reasons discussed herein, the Court GRANTS Defendants' motion to dismiss Plaintiffs' federal claims and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The Court DISMISSES Plaintiffs' state law claims without prejudice.

## II    BACKGROUND[1]

This instant matter is one of several recent cases challenging either the facial legality or the implementation of Washington's COVID-19 vaccine mandate for state employees.[2] Plaintiffs are 60 former state employees who worked for various agencies within the Washington State Department of Transportation ("WSDOT"). (Dkt. No. 1 at 2.) Nearly all Plaintiffs were terminated on or around October 18, 2021 for failure to comply with the State's COVID-19 vaccine mandate for state employees. (*See* Dkt. No. 1 at 7–23.) Most Plaintiffs sought either a religious or medical exemption from the vaccine requirement. (*Id.*) Plaintiffs otherwise share little in common with one another and worked in distinct roles for WSDOT such as Region Biologist, Oiler, Maintenance Technician, and Senior Secretary.

Governor Jay Inslee issued Proclamation 21-14 ("Proclamation") on August 9, 2021. (*Id.* at 40.) The Proclamation, which was amended multiple times, required state employees to become fully vaccinated against COVID-19 and directed state agencies to provide religious and medical accommodations as required by the Washington Law Against Discrimination ("WLAD"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act of 1990 ("ADA"). (*Id.* at 2, 40.) Plaintiffs assert that WSDOT and the Individual Defendants[3] refused to engage in the accommodation process anticipated by federal

---

[1] For purposes of this motion, the Court takes all well-pleaded factual allegations as true.

[2] *See, e.g.*, *Ahmann v. Washington State Dep't of Transportation*, No. 2:23-CV-0140-TOR, 2023 WL 4847336 (E.D. Wash. July 28, 2023); *Rolovich v. Washington State Univ.*, No. 2:22-CV-0319-TOR, 2023 WL 3733894 (E.D. Wash. May 30, 2023); *Pilz v. Inslee*, No. 3:21-CV-05735-BJR, 2022 WL 1719172 (W.D. Wash. May 27, 2022); *Bacon v. Woodward*, No. 2:21-CV-0296-TOR, 2021 WL 5183059 (E.D. Wash. Nov. 8, 2021); *Wise v. Inslee*, No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021).

[3] The Individual Defendants are Roger Millar, Secretary of Transportation for WSDOT; Jeff Pelton, Human Resources Director for WSDOT; Kimberly Monroe Flaig, Deputy Human Resources Director for WSDOT; and Mark Nitchman, Staff Chief Engineer for WSDOT.

and state law and as directed by the Proclamation.  (*Id.* at 41–45.)  The Defendants approved almost every plaintiff's religious or medical exemption request,[4] but then allegedly denied each of these plaintiffs a reasonable accommodation.  (*Id.* at 45.)  According to Plaintiffs, "Defendants sent the exact same form letter to each Plaintiff notifying them that their exemption was approved but accommodation was denied.  There was no discussion that took place after Plaintiffs sent requests for an exemption but before notification that they would be terminated."  (*Id.*)  While Plaintiffs were offered the possibility of reassignment (*see* Dkt. No. 1-2 at 3), Plaintiffs assert that "Plaintiffs who applied for a reassignment were universally either ignored, sent a form denial without consideration, or weren't even told about positions that were available." (Dkt. No. 1 at 80.)  Some Plaintiffs were subsequently rehired to their same roles, but with a religious accommodation from the vaccine requirement.  (*Id.* at 85–87.)  Others were hired as outside contractors to perform "the same exact work" they did while employed for the State.  (Dkt. No. 1 at 50.)  Plaintiffs also assert that certain Defendants, such as Defendant Flaig, mocked, belittled, or otherwise showed hostility to those who refused to get vaccinated.  (*See id.* at 35, 97.)

Plaintiffs filed suit on May 9, 2023.  Plaintiffs' voluminous complaint contains a variety of allegations, but their primary claims can be distilled as follows.  Plaintiffs allege that the Defendants violated WLAD under several theories such as failure to accommodate and disparate impact.  (*Id.* at 98–99).  Plaintiffs also claim the Defendants violated their right to privacy under

---

Plaintiffs do not specify whether they are suing the Individual Defendants in their official or individual capacities.

[4] Five plaintiffs (Stacy Katyryniuk, Nicholas Auckland, Rodney Pelham, Todd Humphreys, and Wendy Punch) did not submit an exemption request because they "were specifically told the process was futile."  (*Id.* at 24.)  Five other plaintiffs (Joe DeGroat, Ronald Vessey, Daniel Hjelmeseth, Todd Humphreys, and David Lawton) were forced into early retirement in lieu of termination.  (*Id.*)

ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 16) - 3

the Washington Constitution (*id.* at 99), violated their procedural due process rights under the Fifth and Fourteenth Amendments and the Washington Constitution (*id.* at 102), violated the federal and state Equal Protection Clause (*id.* at 103, 115), deprived the Plaintiffs of religious freedom under the First Amendment (*id.* at 109) and the Washington Constitution (*id.* at 104), engaged in wage theft (*id.* 105), violated the federal and state Contracts Clause (*id.* at 106), engaged in arbitrary and capricious action (*id.* at 112), and engaged in tortious behavior in violation of public policy (*id.* at 113).

On June 30, 2023, Defendants moved to dismiss all claims for failure to state a claim. (Dkt. No. 16).  Plaintiffs filed a response in opposition (Dkt. No. 18) and Defendants filed a timely reply (Dkt. No. 19).

### III     DISCUSSION

**A.  Legal Standard**

Defendants move to dismiss Plaintiffs' claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

"Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory." *Clift v. United States Internal Revenue Serv.*, 214 F. Supp. 3d 1009, 1011 (W.D. Wash. 2016).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Court must accept as true all well-pleaded factual allegations in the complaint, the Court need not accept conclusory legal assertions.  *Id.*

**B.  Federal Constitutional Claims**

### a. Sovereign Immunity

Before addressing Plaintiffs' federal constitutional claims, the Court must address Defendants' argument that Plaintiffs have failed to properly plead any constitutional claims against WSDOT. (*See* Dkt. No. 16 at 20–21.)

Defendants argue that Plaintiffs' federal constitutional claims against WSDOT fail because WSDOT is not a "person" for purposes of 42 U.S.C. § 1983 and cannot be sued for monetary damages. (*Id.* at 21.) Plaintiffs respond to this argument by conceding that their claims for damages against WSDOT fail but argue they can amend their complaint to seek reinstatement, a form of prospective relief available pursuant to *Ex Parte Young*. (Dkt. No. 18 at 28.) Defendants, in reply, point out that such an amendment would be futile as the *Ex Parte Young* exception does not apply to a state or state agencies. (Dkt. No. 19 at 9.)

The Court agrees with Defendants. While Plaintiffs' complaint only specifies that they are bringing one of their federal constitutional claims pursuant to 42 U.S.C. § 1983 (*see* Dkt. No. 1 at 109), "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). The Court therefore construes the rest of Plaintiffs' federal constitutional claims as brought pursuant to § 1983, *see also Khazali v. Washington*, No. C23-0796JLR, 2023 WL 3866767, at *1 (W.D. Wash. June 7, 2023). A state agency, however, is not a person for purposes of 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989), and cannot be sued for constitutional violations unless they affirmatively waive their sovereign immunity. *Ex Parte Young* provides an exception to Eleventh Amendment sovereign immunity and permits prospective injunctive and declaratory relief against state officials. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). "*Ex parte Young*, however, only provides an

exception to Eleventh Amendment immunity when suit is brought against the officers themselves, rather than against the state or its agencies." *Am. C.L. Union of Nevada v. Nevada Comm'n on Jud. Discipline,* 156 F. App'x 933, 934 (9th Cir. 2005); *see also Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1118 (W.D. Wash. 2014) (noting that the *Ex Parte Young* "exception applies only where a suit is maintained against a state official").

Plaintiffs do not argue that WSDOT waived its sovereign immunity and therefore fail to state a claim against WSDOT on all of their federal constitutional claims. Since it is clear to the Court that no amendment could resolve the fact that the State has not waived sovereign immunity, the Court DISMISSES Plaintiffs' federal constitutional claims against WSDOT without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999)

### b. Qualified Immunity

Defendants next assert that the Individual Defendants are entitled to qualified immunity for Plaintiffs' federal constitutional claims.

"Qualified immunity 'shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Saved Mag. v. Spokane Police Dep't*, 19 F.4th 1193, 1198 (9th Cir. 2021) (quoting *Scott v. Henrich*, 39 F.3d 912, 914 (9th Cir. 1994)), *cert. denied*, 142 S. Ct. 2711, (2022). Courts should use the "doctrine of qualified immunity to dispose of 'insubstantial claims at the earliest stage of litigation possible." *A.D. v. California Highway Patrol*, 712 F.3d 446, 456 (9th Cir. 2013).

To overcome an assertion of qualified immunity, a plaintiff must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly

established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  A court may exercise its discretion to decide which of these prongs to address first.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  "A right is 'clearly established' for purposes of the second prong of the qualified immunity analysis if, 'at the time of the challenged conduct, the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"  *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 886 (9th Cir. 2022) (alteration in original) (quoting *Al-Kidd*, 563 U.S. at 741).

### i. Free Exercise Claim

Defendants argue that the facts as alleged "do not plausibly support the inference that Plaintiffs were separated because of their religion." (Dkt. No. 16 at 25.)  Instead, Defendants argue that Plaintiffs were terminated because of their failure to get vaccinated.  Additionally, Defendants argue that "the Individual Defendants' implementation of the Proclamation does not violate a clearly established right."  (*Id.* at 26.)  Plaintiffs do not directly respond to Defendants' qualified immunity arguments.

Assuming without deciding that the Individual Defendants' behavior, as alleged, sufficed to impinge on the Plaintiffs' right to free exercise of their religion, Plaintiffs point to no case law indicating that Defendants' actions violated a clearly established right.  Indeed, the caselaw suggests the opposite.  *See Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25, 25 S. Ct. 358, 361, 49 L. Ed. 643 (1905) ("[T]he police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and the public safety."); *Kheriaty v. Regents of the Univ. of California*, No. 22-55001, 2022 WL 17175070, at *1 (9th Cir. Nov. 23, 2022) (holding that plaintiff failed to put forward evidence to "establish a 'fundamental right' to be free from a vaccine mandate at a

1  workplace"); *Schmidt v. City of Pasadena*, No. LACV2108769JAKJCX, 2023 WL 4291440, at

2  *10 (C.D. Cal. Mar. 8, 2023) ("The current caselaw supports the view that there is no

3  fundamental right to be free of vaccination."). Other courts have also held that the State did not

4  discriminatorily apply the Proclamation when it offered only the possibility of reassignment

5  rather than a plaintiff's preferred accommodation to the vaccine requirement. *See Wise v. Inslee*,

6  No. 2:21-CV-0288-TOR, 2021 WL 4951571, at *3 (E.D. Wash. Oct. 25, 2021) ("[M]any of the

7  named Plaintiffs applied for and received an exemption based on their sincerely held religious

8  beliefs. Plaintiffs cannot demonstrate a discriminatory application solely because they disagree

9  with the availability of accommodations.") (internal citations omitted).

10  The Court therefore finds the Individual Defendants are entitled to qualified immunity as

11  to Plaintiffs' Free Exercise claims and DISMISSES these claims with prejudice.

### ii. Procedural Due Process Claim

13  Defendants also assert they are entitled to qualified immunity on Plaintiffs' procedural

14  due process claim. (Dkt. No. 16 at 28.) Defendants argue that Plaintiffs' complaint fails to

15  plausibly articulate how the Individual Defendants violated Plaintiffs' constitutional rights and

16  that Plaintiffs fail to identify a clearly established right that the Individual Defendants should

17  have known they were violating. (*Id.*)

18  Plaintiffs, in response, argue that Defendants failed to provide an opportunity for notice

19  and to be heard prior to their termination. (Dkt. No. 18 at 29.) Plaintiffs further argue that since

20  they were only dischargeable for cause they were entitled to their vested pensions and to "non-

21  sham *Loudermill* hearings." (*Id.*) Finally, Plaintiffs argue that the Individual Defendants

22  violated Plaintiffs' clearly established right to privacy under the Washington constitution and

1   that the Court should not look to federal law to determine what clearly established right was

2   violated. (*Id.* at 32–34.)

3       The Individual Defendants are entitled to qualified immunity as Plaintiffs have failed to

4   identify any right that was clearly established. Plaintiffs bizarrely argue that the Court should

5   find that the Individual Defendants violated Plaintiffs' clearly established right to privacy under

6   the Washington Constitution. However, federal qualified immunity "is a doctrine of *federal*

7   common law and, as such, has no application to state law claims." *See Cousins v. Lockyer*, 568

8   F.3d 1063, 1072 (9th Cir. 2009) (emphasis in original). Plaintiffs must assert that the Individual

9   Defendants violated a clearly established federal right in order to surmount their qualified

10  immunity defense. *See Lindsey v. Shalmy*, 29 F.3d 1382, 1384 (9th Cir. 1994) (noting that the

11  doctrine of qualified immunity does not apply to "clearly established *federal* rights.") (emphasis

12  added). The canon of constitutional avoidance has no applicability here.

13      Plaintiffs' focus on Washington state privacy law alone is enough to doom their argument

14  that qualified immunity does not apply to their procedural due process claim. However, even

15  were the Court to construe their brief as arguing that the Individual Defendants actions violated

16  Plaintiffs' federal right to privacy, their argument would still fail. As Defendants point out, the

17  federal right to privacy is based on substantive, not procedural, due process. *See Marsh v. Cnty.*

18  *of San Diego*, 680 F.3d 1148, 1153 (9th Cir. 2012). Plaintiffs have therefore not pleaded that the

19  Individual Defendants have violated a clearly established federal right.[5]

---

[5] Plaintiffs' repeated citations to *Loudermill* are also not sufficient to convince the Court that Plaintiffs had clearly established due process rights not to be terminated for failing to become fully vaccinated where the employer determined that a reasonable accommodation could not be made. "Qualified immunity is not meant to be analyzed in terms of a 'general constitutional guarantee,' but rather the application of general constitutional principles 'in a particular context.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021). *Loudermill* involved two plaintiffs with distinct

Plaintiffs argue they should instead be granted leave to amend their complaint should the Court find they have failed to adequately state their federal due process claim, but granting leave to amend this claim would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiffs have not adequately pled that any actions by the Individual Defendants violated their federal due process rights. As other courts have recognized, "when a policy is generally applicable, employees are not 'entitled to process above and beyond the notice provided by the enactment and publication' of the policy itself." *Bacon*, 2021 WL 5183059, at *3; *see also Pilz,* 2022 WL 1719172, at *7 (finding adoption of Proclamation and notice of the vaccine requirement sufficient to provide procedural due process)*; Harris v. Univ. of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 312 (D. Mass. 2021) (finding university's adoption of COVID-19 vaccine mandate to provide sufficient notice and process to satisfy potential due process challenges); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1178 (D.N.M. 2021) (finding procedural due process rights satisfied where state enacted general COVID-19 vaccine mandate that included a religious exemption provision and the mandate applied generally to all employees), *aff'd,* No. 21-2105, 2022 WL 2129071 (10th Cir. June 14, 2022). Whether or not Plaintiffs' challenge to the State's religious accommodation exemption is an as applied challenge or a facial challenge is irrelevant because the enactment of the Proclamation itself was generally applicable and therefore provided all the procedural due process due to state

---

facts. First, Mr. Loudermill sued after he was terminated from a for-cause security guard position after his employer discovered he had previously been convicted of grand larceny. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 535 (1985). The other plaintiff, Mr. Donnelly, was a public sector bus mechanic who was fired after failing an eye exam and failed to retake the exam. *Id.* at 536. Neither of these cases involved the application of a vaccine requirement in the context of the greatest public health emergency in modern memory and the Court does not find that *Loudermill* clearly established that the Individual Defendants' actions violated Plaintiffs' constitutional rights.

ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 16) - 10

employees.  The Court is also not convinced that Plaintiffs can establish that the Individual Defendants violated a clearly established federal due process right.

Accordingly, the Individual Defendants are entitled to qualified immunity as to Plaintiffs' procedural due process claims and these claims are DISMISSED with prejudice.

### iii.  Equal Protection Claim

Defendants also assert they are entitled to qualified immunity as to Plaintiffs' Equal Protection Clause claims.  (Dkt. No. 16 at 30.)  Plaintiffs offer a one-line response to this assertion, noting that "Defendants' qualified-immunity defense to this claim fails for essentially the same reasons discussed *supra* as to Due Process."  (Dkt. No. 18 at 38.)  Plaintiffs fail to substantively rebut Defendants' qualified immunity argument and therefore concede they have merit.  *See, e.g.*, *Brenda H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-00108-DWC, 2019 WL 13198863, at *1 (W.D. Wash. July 17, 2019); *see also Rice v. Providence Reg'l Med. Ctr. Everett*, No. C09-482 RSM, 2009 WL 2342449, at *3 (W.D. Wash. July 28, 2009).  Plaintiffs cite no case law indicating that the Individual Defendants' actions violated their clearly established federal rights under the Equal Protection Clause.[6]

Accordingly, the Court DISMISSES Plaintiffs' Equal Protection Clause claims against the Individual Defendants with prejudice.

---

[6] An equal protection claim is distinct from a procedural due process clause claim and caselaw clearly establishing a procedural due process right will rarely suffice in itself to establish an equal protection right.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By contrast, to make out a procedural due process claim a plaintiff must establish "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

### iv. Contracts Clause Claim

Defendants raise a defense of qualified immunity as to Plaintiffs' Contracts Clause claims. (Dkt. No. 16 at 30–31.) Plaintiffs, in response, argue that *Eagan v. Spellman*, 581 P.2d 1038, 1042 (Wash. 1978) clearly established that the Individual Defendants' actions violated their rights under the Contracts Clause of the Constitution. (Dkt. No. 18 at 39.)

In assessing whether a Plaintiff has adequately stated a claim for a violation of the Contracts Clause, a court must determine "whether the state law [at issue] has 'operated as a substantial impairment of a contractual relationship.'" *Sveen v. Melin*, 138 S. Ct. 1815, 1821–22 (2018) (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978)). If the state law has substantially impaired a contractual relationship, the Court then determines "whether the state law is drawn in an 'appropriate' and 'reasonable' way to advance 'a significant and legitimate public purpose.'" *Id.* at 1822 (quoting *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–412 (1983)).

Plaintiffs' briefing fails to address Defendants' argument that they have not alleged facts sufficient to meet the two-part test for a Contract Clause claim. (*See* Dkt. No. 16 at 30–31.) The Court therefore finds Plaintiffs have failed to establish substantial impairment, *see Pilz*, 2022 WL 1719172, at *6, and that the Individual Defendants are therefore entitled to qualified immunity. Additionally, even had Plaintiffs established a constitutional violation, they failed to show that Defendants violated a clearly established right. *Eagan*, the only case Plaintiffs cite for such a position, did not involve a Contracts Clause claim. Rather, the Washington Supreme Court addressed whether King County's changes to their mandatory retirement age were consistent with state law. *See Eagan*, 581 P.2d at, 1040–43.

Accordingly, the Court finds the Individual Defendants are entitled to qualified immunity and DISMISSES Plaintiffs' Contract Claims against them with prejudice.

### v. Takings Claim

Finally, Defendants argue the Individual Defendants are entitled to qualified immunity for any Takings Claim brought by the Plaintiffs.[7] (Dkt. No. 16 at 31.) Plaintiffs do not respond to this argument and the Court considers the lack of response to be a concession of merit. *See Rice*, 2009 WL 2342449, at *3. Plaintiffs do not point to any caselaw, and the Court is not aware of any, clearly establishing that either a state mandate for employees to obtain the COVID-19 vaccine or certain state employees' alleged policy of denying religious accommodations to the mandate constituted an unconstitutional taking.

The Court therefore DISMISSES Plaintiffs' Takings Claims with prejudice.

### C. State Law Claims

Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiffs' supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"). The Court DISMISSES these claims without prejudice.

---

[7] The Court also agrees that Plaintiffs may not bring a takings claim against the Individual Defendants in their individual capacity. *See Untalan v. Stanley*, No. 219CV07599ODWJEMX, 2020 WL 6078474, at *9 (C.D. Cal. Oct. 15, 2020) (compiling cases where courts have found that "takings claim[s] cannot be brought against individuals sued in their personal capacities).

# IV    CONCLUSION

Accordingly, and having considered Defendants' motion (Dkt. No. 16), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS as follows:

1. Defendants' motion to dismiss is GRANTED in part.  Plaintiffs' federal constitutional claims against WSDOT are DISMISSED without prejudice. Plaintiffs' federal constitutional claims against the Individual Defendants are DISMISSED with prejudice.

2. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and DISMISSES these claims without prejudice.

Dated this 11th day of October 2023.



David G. Estudillo
United States District Judge